Hall, J.
delivered the opinion of the Court.
It may be well doubted whether the complainant has any remedy to recover this debt, since the execution has been returned satisfied. When property is sold under execution, whether real or personal, there is no warranty of title either express or implied attached to such sale, independent of the act of 1807, c. 4; there is no compulsion on any one to purchase, but any one who pleases to do so, runs the risk of purchasing a bad title. If a stranger had purchased in the present instance, could he have recovered his money back again upon finding he had purchased a bad title? And can it make any difference that the purchaser was the plaintiff in the execution? I think not. He had the liberty of bidding; but when he purchased he stood in the same situation with a stranger. He was creditor and purchaser both; in which of these capacities does he come into court? As creditor it is said. Suppose, then, that a stranger had purchased and paid the money through the sheriff to the plaintiff, the plaintiff would then have no claim either in law or equity at this day. He would feel himself perfectly satisfied, but the purchaser would not, and it is in fact in that character that the complainant now stands in this court.
It seems to be an established principle, that no man shall be compelled to become the debtor of another, except in cases of bills of exchange paid, when protested, for the honor of the drawer, 1 Term. 20, 1 H.Bl. 83, 91, 3 Esp. Rep. 112. And cases of implied assumpsits do not contradict that rule. *283 If one person pays off the debt of another, merely because he chooses to do it, he cannot recover the amount so paid from the debtor; nor does it appear to me, that the case is altered if he voluntarily purchases a bad title, at a sheriff’s sale, and thereby discharges it. The law in such case will not imply an assumpsit. There is no privity of conduct (if I may use the expression) between the parties. For these reasons we are inclined to think the complainant cannot recover. We regret that this point had not been stirred at the argument, which must, in part, be our excuse, if we view it improperly. But if the complainant is really entitled to recover, the next question is, who ought to pay the debt? In common cases the administrator ought to pay; but if he has delivered the property over to the next of kin, or if, as in the present case, he has delivered over part and wasted part, so as not to be able to pay the debt, the property may be followed into the hands of the next of kin, altho the administrator has wasted more of the assets than the debt amounts to. But in the present case the complainant stands upon very different grounds. He had a demand at law, and at law that demand has been satisfied, and comes into this court to ask a favor. Then the equity of his request must be examined, as well as the equity of the defendant’s objections. What are they? They state that this debt was paid to, or left in the hands of the administrator for the purpose of paying this debt. As to them then it is paid, the administrator was the proper person to receive it from them, and they have fully paid it, although the complainant never received it. We are then naturally led to enquire who was to blame? The answer is the administrator, and he is insolvent. The next question is, ought not his securities to pay it? They undertook for his faithful administration of his estate, in which he has failed, and of course it would seem that they are answerable. But it is said, that they are exonerated at law and equity will not onerate them. Admitting that to be the case, it has been brought about by the con *284 duct of the complainant himself by bidding at the sheriff’s sale, and having his execution returned satisfied. And if he by that means has put it out of his power to receive his debt from them, others ought not to be liable on that account. If there is really a debt due, the complainant and the securities of the administrator were to become insolvent, probably the defendants would still be liable. But as things stand at present, I think they are not, the defendants having equal equity with the complainants.